## AMERICAN FEDERATION OF TEACHERS, LOCAL 1825, Plaintiff

## v.

## GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF EDUCATION, Defendant

Civil No. 109/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31,1995

Dennis W. Heileman, Esq., St. Thomas, U.S.V.I, *for plaintiff*

Richard S. Davis, Esq., Asst. Atty. General (Office of Collective Bargaining), St. Thomas, U.S.V.I, *for defendant*

HODGE, *Presiding Judge*

### MEMORANDUM AND ORDER

### A. INTRODUCTION

The question presented by the Defendant's Motion to Dismiss is whether the court may exercise subject matter jurisdiction over a

44

labor dispute between the parties, based upon administrative futility, where the dispute was previously filed with the Public Employees Relations Board [hereinafter "PERB"] which lost its quorum after referring the dispute to mediation that is still pending. For the reasons stated herein, this court answers the question in the negative and will grant the Defendant's Motion to Dismiss for the failure of the Plaintiff to exhaust its administrative remedies.

## B. PARTIES' CONTENTIONS

Plaintiff filed its Complaint and Motion for Preliminary Injunction seeking reinstatement of benefits for its member, Henry Klein. In opposition, the Defendant filed a Motion to Dismiss alleging lack of jurisdiction by this court. A hearing on the Plaintiff's Motion for Preliminary Injunction and the Defendant's Motion to Dismiss was held on March 15, 1995. In support of its motion for injunctive relief, the Plaintiff offered testimony including the following:

1. On or about September 15, 1994 during the pendency of a grievance proceeding, the Plaintiff's member, Henry Klein, was unilaterally and without notice removed from the Defendant's payroll in violation of Article II, Section 8 of the parties' Collective Bargaining Agreement [hereinafter "CBA"] which requires the continuation of the benefits paid to a demoted, suspended or dismissed employee during the pendency of the grievance procedures.

2. On October 14, 1994, the Plaintiff filed a complaint before PERB alleging that the Defendant's removal of Mr. Klein from its payroll was an unfair labor practice.

3. The Defendant's actions have caused irreparable damages to Mr. Klein and the Plaintiff. In particular, the Plaintiff asserts that Mr. Klein has been deprived of career opportunities and monetary benefits, and that such damages relate to loss of credibility of Plaintiff and its leadership and to its members' loss of faith in the collective bargaining process.

The Plaintiff also maintained that the court has jurisdiction and that the averments contained in its Verified Complaint and Motion

for Preliminary Injunction meet the standard for injunctive relief pursuant to 24 V.I.C. Section 345. Specifically, the Plaintiff argued that it has shown fraud by the Defendant, irreparable harm to it and its member's property, and lack of adequate remedy of law. The Plaintiff further asserted that it attempted to avail itself of the administrative remedies available through PERB but its efforts have been futile because its complaint before PERB has languished for over four months and PERB now lacks a quorum necessary to address the merits of its cases.

In opposition to the Plaintiff's motion and in support of its Motion to Dismiss, the Defendant argued that the terms of the parties' CBA allowed for removal of Mr. Klein from its payroll under the circumstances of this case. The Defendant also argued that:

1. The Plaintiff's complaint for breach of contract reiterates the same facts as its action before PERB, and, by order dated January 31, 1995, PERB referred the Plaintiff's action for mediation;

2. The Plaintiff's complaint is still pending mediation and is therefore still before PERB, and hence, the Plaintiff has failed to exhaust its administrative remedies, and that in accordance with the exhaustion doctrine, this court could not hear the matter.

3 This court's jurisdiction to issue injunctive relief in labor disputes is limited by the provisions of Title 24 V.I.C. Section 341, *et seq*. Because the Plaintiff lacks the requisite good faith under 24 V.I.C. Section 346 by failing to exhaust its administrative remedies, this matter could not be considered by the court.

### C. DISCUSSION

■ Upon review of the parties' submissions and after hearing the testimony and parties' arguments, the court holds that it has jurisdiction pursuant to Title 24 V.I.C. Section 383 (a) which provides that "suits for violation of contracts between a public employer and an exclusive representation, or between labor organizations, may be brought in any court of this Territory..." The

Plaintiff, as the exclusive representative of its member, Henry Klein, and on its own behalf, filed the present action for breach of contract seeking enforcement of Article II Section 8 of the CBA. Such an action is clearly within the jurisdiction of this court. Nevertheless, the court further holds that the exercise of its jurisdiction is limited by the provisions of Title 24 V.I.C. Section 341 *et. seq.* which govern the issuance of injunctive relief in labor disputes. Specifically, Title 24 V.I.C. Section 345 states:

> No restraining order or injunctive relief shall be granted to any complainant who has failed to comply with any obligation fixed by the laws involved in the labor dispute in question, or who has failed to make every effort to settle such dispute either by negotiation or with the aid of the Department of Labor and voluntary arbitration.

Furthermore, the court holds that the exhaustion doctrine, which requires an individual to avail himself of all administrative remedies prior to initiating a judicial proceeding, is applicable in the present case.[1]

A party is therefore required to exhaust its administrative remedies before invoking the jurisdiction of this court.

██ The court recognizes that there are certain exceptions to the exhaustion doctrine including, (1) when the challenged agency action presents a clear and unambiguous violation of statutory or constitutional rights, (2) when resort to administrative procedure is shown to be inadequate to prevent irreparable injury or, (3) when exhaustion is futile.[2] However, the court finds that Plaintiff does not fall within any of the exceptions to the exhaustion doctrine. First, the averments presented by both parties fail to show a violation of statutory or constitutional rights by the Defendant. Second, the Plaintiff has failed to show irreparable harm or the inadequacy of the administrative procedures to prevent such harm. Third, since the issue presently in mediation is precisely the

---

[1] *See General Offshore Corp v. Farrelly*, 25 VI 226, 245 (D.C.V.I. 1990).

[2] *Id.* at 246 (citing *Fachchiamo v. United States Dep't of Labor*, 859 F.2d 1163, 1167-68, (quoting *Susquechanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 245 (3d Cir. 1980))).

issue before the court, and since mediation may proceed whether or not PERB has a quorum, the court rejects the Plaintiff's futility argument. This court is satisfied that the administrative process is continuing, even though a bit slower than contemplated by the Plaintiff. Indeed, the hearing disclosed that the rush to invoke this judicial action was triggered by the desire of the officials of the Plaintiff to resolve the issue prior to the date of its upcoming union elections. Such a desire, though logical and practical, does not render the administrative process futile. At the very least, the Plaintiff should allow the mediation process, which is limited in time, to take its course. Thereafter, if PERB is nonfunctional due to lack of quorum, the Plaintiff is free to seek judicial relief at that time.

## D. CONCLUSION

In view of the foregoing, this court concludes that the Plaintiff has failed to exhaust its administrative remedies and this matter is not properly before this court, that the Plaintiff's Motion for Injunctive Relief must be denied, and that the Defendant's Motion to Dismiss must be granted, without prejudice, at this time.

## ORDER

Accordingly, it is hereby,

ORDERED, that the Plaintiff's Motion for Injunctive Relief is DENIED; and it is further,

ORDERED, that the Defendant's Motion to Dismiss is GRANTED; and it is further,

ORDERED, that this matter is DISMISSED, without prejudice.